# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THOMAS S. SMITH | ) |
| | ) Civil Action Number: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Jury Trial Demanded |
| EAST COBB EMISSIONS, and | ) |
| JOSEPH R. GOSS, an individual, | ) |
| | ) |
| Defendants. | ) |

## FAIR LABOR STANDARDS OVERTIME COMPLAINT

COMES NOW Plaintiff Thomas S. Smith (hereinafter "Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants EAST COBB EMISSIONS (hereinafter "Defendant ECE") and Joseph R. Goss (hereinafter "Defendant Goss") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful overtime wages.

2. Defendants employed Plaintiff as a car emissions testing technician.

3. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Marietta, Cobb County, Georgia (within this District).

8. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States.

9. Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which he was employed by Defendants.

10. Defendants conduct business within this State and District.

11. Upon information and belief, Defendant Goss is the owner of Defendant ECE during the relevant time period of this Complaint.

12. Plaintiff is unsure as to whether or not Defendant ECE is a legal entity such as a corporation, as a check of the Georgia Secretary of State's web site does not list an "East Cobb Emissions" as a business entity with its Corporations Division.

13. Upon information and belief, Defendant ECE's Principal Office Address is located within this District at 1026 Sarah Francis Circle, Marietta, Cobb County, Georgia 30066.

14. Defendant ECE is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its owner Joseph R. Goss (Defendant Goss), at 1026 Sarah Francis Circle, Marietta, Cobb County, Georgia 30066.

.

15. Defendant Joseph R. Goss is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 1026 Sarah Francis Circle, Marietta, Cobb County, Georgia 30066.

16. Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay and other practices of those operations of Defendants.

17 At all times material to this action, Defendant ECE was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

18. At all times material to this action, Plaintiff engaged in interstate commerce on the job.

19. At all times material to this action, Defendants were "employers" of Plaintiff as defined by § 203(d) of the FLSA.

20. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

21. Defendant's operate automobile emission inspection stations in the state of Georgia.

22. Defendants employed Plaintiff as a car emissions testing technician at their car inspection station located at 2690 Sandy Plains Road, Marietta Georgia 30066.

23. Defendants employed Plaintiff as a car emissions testing technician from on or about January 2015 thru the present.

24. Plaintiff was required to phone Defendant Goss when he began work each morning.

25. Defendants compensated Plaintiff on a salary basis.

26. Defendants required Plaintiff to regularly work in excess of forty hours per week.

27. At all times relevant to this action, Defendants did not compensate Plaintiff for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which he was employed.

28. From on or about January 2015 through on or about early September, 2015, Plaintiff was regularly scheduled to work 47.5 hours per week and upon information and belief was paid a salary of $575.00 per week.

29. From on or about early September, 2015 thru the present, Plaintiff was regularly scheduled to work 55.5 hours per week and upon information and belief was paid a salary of $720.00 per week.

30. At no time during his employment did Plaintiff take a bona fide meal period break.

31. At all times relevant to this action, Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

32. Defendants failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed, at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

33. Plaintiff is entitled to compensation for any and all time worked at the rate of at least one and one-half times his rate at which he was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

34. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. As a result of Defendants' failure to act with good faith in compensating Plaintiff, he is entitled to liquidated damages.

36. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

37. Plaintiff demands a jury trial.

## COUNT I

36. Plaintiff repeats and incorporates by reference all preceding Paragraphs herein.

37. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

38. Defendants have not made a good faith effort to comply with the FLSA with respect to overtime compensation of Plaintiff.

39. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

40. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiff be awarded damages in the amount of his unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which he may be entitled.

Respectfully submitted this 12th day of March, 2017.

MARTIN & MARTIN, LLP

By: */s/ Thomas F. Martin*

Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538